Wilfred P. Coronato (WC-6200)
Bart A. Whitley (BW-3010)
HUGHES HUBBARD & REED LLP
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3910
Telephone: (201) 536-9220
Attorneys for Defendant Merck & Co., Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA METCALF, and ROSS METCALF W/H, | ) ) ) | Case No.: 07-cv-03119-MLC-TJB |
| Plaintiffs, | ) ) | **CERTIFICATION OF** |
| v. | ) ) | **BART A. WHITLEY, ESQ.** |
| MERCK & CO., INC., | ) ) ) | |
| Defendant. | ) ) | |

BART A. WHITLEY, ESQ., by way of certification in lieu of affidavit, says:

1.      I am an attorney duly admitted to practice law in the Courts of the State of New Jersey and the United States District Court for the District of New Jersey. I am an associate with the firm of Hughes Hubbard & Reed LLP, attorneys for defendant Merck & Co., Inc. (hereinafter, "Merck"). As such, I am fully familiar with the facts set forth herein. I submit this certification in support of Merck's Motion to Stay Proceedings Pending Transfer to MDL No. 1789.

2.      Attached hereto as Exhibit "A" is the Order staying all proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation in *Potgieter v. Merck & Co., Inc.*, No. 07-cv-00002-DMC-MF (D.N.J. Mar. 15, 2007).

3.    Attached hereto as Exhibit "B" is the MDL Panel Order, dated June 14, 2007, transferring *Potgieter v. Merck & Co., Inc.*, No. 07-cv-00002-DMC-MF (D.N.J.) to MDL No. 1789.

4.    Attached hereto as Exhibit "C" is the MDL Panel Order transferring *Flores v. Merck & Co., Inc.*, No. 07-cv-00599-NLH-JS (D.N.J.) to MDL No. 1789.

5.    Attached hereto as Exhibit "D" is the Order staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Demsky et al. v. Merck & Co., Inc., et al.*, No. 07-2839 (C.D. Cal. June 14, 2007).

6.    Attached hereto as Exhibit "E" are the Minute Orders dated April 12, 2007 and May 15, 2007 staying all proceedings pending transfer to MDL No. 1789 and denying plaintiff's motion for remand in *Walla. v. Merck & Co., Inc., et al.*, No. 07-C-1864 (N.D. Ill.).

7.    Attached hereto as Exhibit "F" is the Order denying plaintiffs' motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Bogard v. Merck & Co., Inc, et al.*, No. C-06-6917 SC (N.D. Cal. Feb. 6, 2007).

8.    Attached hereto as Exhibit "G" is the Order denying plaintiffs' motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Ferraro, et al. v. Merck & Co., Inc., et al.*, No. 06-7733 FMC (C.D. Cal. Feb. 2, 2007).

9.    Attached hereto as Exhibit "H" is the Order denying plaintiff's motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel

on Multidistrict Litigation regarding transfer in *Clayton v. Merck & Co., Inc.*, No. 06-6398 FMC (C.D. Cal. Dec. 7, 2006).

10.     Attached hereto as Exhibit "I" is the Order denying plaintiffs' motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Morris v. Merck & Co., Inc.*, No. 06-5587 FMC (C.D. Cal. Dec. 6, 2006).

11.     Attached hereto as Exhibit "J" is the Order staying all proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation in *Purdy v. Merck & Co., Inc.*, No. 2:06-0223 KS-MTP (S.D. Miss. Nov. 1, 2006).

12.     Attached hereto as Exhibit "K" is the Order deferring to rule on plaintiff's motion to remand subject to a final ruling by the Judicial Panel on Multidistrict Litigation regarding transfer in *Goya v. Merck & Co., Inc.*, No. 06-2574 (S.D. Cal. Feb. 1, 2007).

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.


Dated:  July 13, 2007                               s/ Bart A. Whitley_____
                                                    Bart A. Whitley

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARY ELLEN POTGIETER,                )
                                     )    Case No.: 07-cv-00002-DMC-MF
            Plaintiff,               )
                                     )    ORDER STAYING
v.                                   )    PROCEEDINGS PENDING
                                     )    TRANSFER TO MDL NO. 1789
MERCK & CO., INC.,                   )
                                     )
            Defendant.               )
                                     )

THIS MATTER having been brought before the Court on the motion of defendant

to stay proceedings pending transfer to MDL No. 1789; and the Court having considered

the submissions of the parties in support of and in opposition to the motion; and for good

cause having been shown:

IT IS on this _15_ day of _March_, 2007,

ORDERED that defendant's Motion to Stay is GRANTED. This action is stayed

pending a transfer decision from the Judicial Panel on Multidistrict Litigation.

Honorable Dennis M. Cavanaugh, U.S.D.J.

# EXHIBIT B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 1789

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Mary Ellen Potgieter v. Merck & Co., Inc.*, D. New Jersey, C.A. No. 2:07-2

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN* AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in a District of New Jersey action. This plaintiff asks the Panel to vacate its order conditionally transferring the action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Lone defendant Merck & Co., Inc., opposes the motion to vacate and urges inclusion of the action in the MDL-1789 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Southern District of New York was a proper Section 1407 forum for actions involving allegations that ingestion of Fosamax, a prescription medication used in the treatment of osteoporosis, caused adverse effects, in particular, osteonecrosis of the jaw. *See In re Fosamax Products Liability Litigation*, 444 F.Supp.2d 1347 (J.P.M.L. 2006). Plaintiff's motion for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

    *   Judges Motz, Miller and Hansen took no part in the decision of this matter.

- 2 -

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John F. Keenan for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                    FOR THE PANEL:

                          Wm. Terrell Hodges
                            Chairman

# EXHIBIT C

A CERTIFIED TRUE COPY

**JUDGE KEENAN**

**07 CV 2442**

MAR 2 3 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 7 2007

FILED
CLERK'S OFFICE

FLD
SDofNY
3/27/07

*DOCKET NO. 1789*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Debra Flores v. Merck & Co., Inc., et al.,* D. New Jersey, C.A. No. 1:07-599

### CONDITIONAL TRANSFER ORDER (CTO-15)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 38 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 2 3 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY _____
              DEPUTY CLERK

# EXHIBIT D

P Send

FILED
CLERK, U.S. DISTRICT COURT

JUN I 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY      DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI DEMSKY, et al., | CV 07-2839 FMC (PJWx) |
|     Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |
| vs. | |
| MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50, | |
|     Defendants. | |



#14

DOCKETED ON CM
entered
JUN I 4 2007
BY      085

This matter is before the Court on Defendant Merck & Co., Inc.'s unopposed Motion to Stay Proceedings (docket no. 11) and Plaintiffs' Motion to Remand to State Court (docket no. 13), filed on May 24, 2007, and May 29, 2007, respectively. The Court has considered the documents submitted in connection with the motions and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearings set for June 18, 2007, and

1  July 2, 2007, are removed from the Court's calendar. For the reasons and in the

2  manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and

3  **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed

4  motion in the event that the Judicial Panel on Multidistrict Litigation (JPML) does

5  not transfer this case to Multidistrict Litigation (MDL) No. 1789, *In Re: Fosamax*

6  *Prods. Liab. Litig.*

7  <div align="center">**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</div>

8  Plaintiffs took the prescription drug Fosamax, which is manufactured and sold

9  by Defendant Merck & Co., Inc. (Merck) and distributed by Defendant McKesson

10 Corporation (McKesson). Plaintiffs filed their Complaint in the Superior Court for

11 the State of California, County of Los Angeles, on April 18, 2007. Plaintiffs allege,

12 *inter alia,* that Defendants misrepresented (affirmatively and through a failure to

13 warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's

14 Disease, and other conditions. Plaintiffs further allege that, as a proximate result of

15 ingesting Fosamax, they have been permanently and severely injured.

16 On April 30, 2007, Defendant Merck removed the action to this Court on the

17 basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a

18 California citizen, is fraudulently joined. In their motion to remand, Plaintiffs argue

19 that joinder was proper. In its Motion for Stay, Merck maintains that resolution of

20 the question of the propriety of Plaintiffs' joinder of McKesson should be deferred

21 pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*

22 *Liab. Litig.*, and that all other proceedings in this action should be stayed until such

23 time.

24 <div align="center">**STANDARD OF LAW**</div>

25 "A trial court may, with propriety, find it is efficient for its own docket and the

26 fairest course for the parties to enter a stay of an action before it, pending resolution

27 of independent proceedings which bear upon the case." *Leyva v. Certified Grocers*

<div align="center">2</div>

1   *of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North*

2   *American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power

3   to stay proceedings is incidental to the power inherent in every court to control the

4   disposition of the causes on its docket with economy of time and effort for itself, for

5   counsel, and for litigants.").

6                             **DISCUSSION**

7       A stay of all proceedings until such time as the JPML renders its final

8   decision regarding transfer is in the interest of judicial economy. A steady succession

9   of cases involving the drug Fosamax are being filed in this district and other districts

10   throughout the country and are awaiting transfer to the MDL proceedings.[1] Given the

11   similarity of this litigation to other recent pharmaceutical products liability litigation,

12   the Court finds that there are likely to be many more cases (in this district or

13   otherwise) that present the precise question of the propriety of joinder of Defendant

14   McKesson and/or other "distributor" defendants. Consideration of Plaintiffs' remand

15   motion by this Court at this juncture would therefore run the risk of inconsistent

16   rulings among different judges in different districts and/or would constitute an

17   inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist.

18   LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs'

19   motion to relate all Zyprexa cases naming McKesson Corporation in this district,

20   judges in other California districts would nonetheless have to decide the issue, thus

21   resulting in unnecessarily duplicative litigation, an inefficient use of judicial

22   resources, and the risk of inconsistent results.").

23

24

25       [1] According to the JPML website, there are now 154 actions pending in MDL No. 1789, *In*

26   *Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/ (follow "Pending MDLs," then

    "Distribution of Pending MDL Dockets").

27

# CONCLUSION

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 14) is **GRANTED**. Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice to the filing of a renewed motion if transfer is denied.

**IT IS SO ORDERED.**

Dated: June 14, 2006

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

4

# EXHIBIT E

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1864 | **DATE** | 4/12/2007 |
| **CASE TITLE** | Walla vs. Merck & Co., Inc. et al | | |

**DOCKET ENTRY TEXT**

Defendant Merck & Co., Inc.'s motion to stay all proceedings before this Court is granted. Motion hearing set for 4/19/2007 is vacated. After a careful review of the pleadings in this recently removed lawsuit, this Court hereby dismisses said state court complaint without prejudice to the pending transfer to MDL No. 1789 and the filing of an appropriate amended federal complaint or motion to remand before the transferee judge.

| | | Courtroom Deputy Initials: | DL |
|---|---|---|---|

07C1864 Walla vs. Merck & Co., Inc. Et al

Page 1 of 1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

Dianne Walla

       Plaintiff,

v.               Case No.: 1:07–cv–01864
               Honorable Ruben Castillo

Merck & Co., Inc., et al.

         Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 15, 2007:

   MINUTE entry before Judge Ruben Castillo :Motion hearing held on 5/15/2007. Plaintiff's motion for remand [18] is denied without prejudice to its renewal before the transferee judge. Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT F

United States District Court
For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    JENNIFER BOGARD and ROBERT BOGARD, )    No. C-06-6917 SC
                                        )
8            Plaintiffs,                )
                                        )    ORDER GRANTING
9        v.                             )    DEFENDANT'S MOTION TO
                                        )    STAY AND DENYING
10   MERCK & CO., INC., a New Jersey    )    PLAINTIFFS' MOTION TO
     Corporation; McKESSON CORPORATION, )    REMAND
11   a Delaware Corporation; DOES 1-50, )
     inclusive,                         )
12                                      )
             Defendants.                )
13   _____)

14   **I.    INTRODUCTION**

15          Upon removing this action to federal court, Defendant Merck &

16   Co., Inc. ("Merck") filed a Notice of Pendency of Other Proceeding

17   and a Motion to Stay the Proceedings. See Docket Nos. 1, 3, 5.

18   Defendant seeks the stay in order to give the Judicial Panel on

19   Multidistrict Litigation ("JPML") the opportunity to transfer the

20   case to Multidistrict Litigation No. 1789, In Re: Fosamax Prods.

21   Liab. Litig. Plaintiffs Jennifer and Robert Bogard opposed

22   Merck's motion and filed a Motion to Remand. See Docket Nos. 9

23   and 10.  For the reasons stated herein, the Court GRANTS

24   Defendant's Motion to Stay and DENIES Plaintiffs' Motion to Remand

25   without prejudice.

26   **II.   BACKGROUND**

27          Plaintiff Jennifer Bogard alleges that she ingested and was
28

injured by the prescription drug Fosamax, which is manufactured by
Merck and marketed, distributed, and sold by Defendant McKesson
Corporation ("McKesson").  <u>See</u> Complaint, Docket No. 10.
Plaintiffs filed suit in the California Superior Court for the
County of San Francisco.  <u>See</u> Docket No. 10.  Merck removed the
case to federal court on the basis of diversity jurisdiction, 28
U.S.C. § 1332, alleging that McKesson, a California citizen, was
fraudulently joined.  <u>See</u> Docket No. 1.

**III.  LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power
inherent in every court to control the disposition of the causes
on its docket with economy of time and effort for itself, for
counsel, and for litigants."  <u>Landis v. North American Co.</u>, 299
U.S. 248, 254 (1936).  "A trial court may, with propriety, find it
is efficient for its own docket and the fairest course for the
parties to enter a stay of an action before it, pending resolution
of independent proceedings which bear upon the case."  <u>Leyva v.
Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863 (9th Cir.
1979).

**IV.  DISCUSSION**

Appropriate grounds for transferring a case to multidistrict
litigation include promoting "the just and efficient conduct of
such actions."  28 U.S.C. § 1407(a).  The issue of whether
McKesson was fraudulently joined in order to destroy federal
jurisdiction is identical to that posed in other Fosamax cases.

2

United States District Court
For the Northern District of California

1   See Tanzer Decl., Docket No. 17 (including an order from Morris v.

2   Merck & Co., Inc. et al., a case from the Central District of

3   California addressing the same issue and concluding that a stay

4   was appropriate).  As the Morris court and others have concluded,

5   consideration of Plaintiffs' Motion to Remand and the issue of

6   fraudulent joinder outside the JPML would foster "unnecessarily

7   duplicative litigation, an inefficient use of judicial resources,

8   and the risk of inconsistent results." Stempien v. Eli Lilly and

9   Co., 2006 WL 1214836, at *1 (N.D. Cal., May 4, 2006) (discussing

10  the potentially fraudulent joinder of McKesson in the Zyprexa

11  litigation).  In the interests of judicial economy, the best

12  results will be obtained by referring the case to Multidistrict

13  Litigation No. 1789, In Re: Fosamax Prods. Liab. Litig. for

14  resolution of this issue in coordinated pretrial proceedings.

15

16  **V.    CONCLUSION**

17      The Court GRANTS Defendant's Motion to Stay.  All proceedings

18  in this case are STAYED until issuance of a final decision by the

19  JPML regarding transfer or for sixty (60) days, whichever is

20  earlier.  In addition, the Court DENIES Plaintiffs' Motion to

21  Remand without prejudice to re-file in the event transfer is

22  unsuccessful.

23

24      IT IS SO ORDERED.

25

26  Dated: February 6, 2007

27                                  UNITED STATES DISTRICT JUDGE

28
                                    3

# EXHIBIT G

P Send

DOCKETED ON CM
Entered
FEB - 2 2007
BY _____ 085

FILED
CLERK, U S DISTRICT COURT
FEB - 2 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NANCY FERRARO, a single woman;
LILLIE H. AUGERSON, a single
woman; LUIGA MORRA, a single
woman; EVELYN LACEY, a single
woman; JERRY W. GRAHAM, a
single woman; MINA A. HOLCOMB,
a single woman,

        Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey
Corporation; McKESSON
CORPORATION, a Delaware
corporation; DOES 1-50

        Defendants.

CV 06-7733 FMC (PJWx)

ORDER GRANTING DEFENDANT'S
MOTION TO STAY AND DENYING
PLAINTIFFS' MOTION TO REMAND

(#21)

        This matter is before the Court on Plaintiffs' Motion to Remand to State Court (docket no. 11), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 14), filed on January 4, 2007, and January 11, 2007, respectively. The Court has considered the moving and opposition documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for

February 5, 2007, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed motion in the event that the Judicial Panel on Multidistrict Litigation ("JPML") does not transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax Prods. Liab. Litig.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Nancy Ferraro, Lillie H. Augerson, Luiga Morra, Evelyn Lacey, Jerry W. Graham, and Mina A. Holcomb took the prescription drug Fosamax, which is manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation ("McKesson"). Plaintiffs filed their Complaint in the Superior Court for the State of California, County of Los Angeles, on December 1, 2006. Plaintiffs allege, *inter alia,* that Defendants misrepresented (affirmatively and through a failure to warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's Disease, and other conditions. Plaintiffs further allege that, as a proximate result of ingesting Fosamax, they have been permanently and severely injured.

On December 6, 2006, Defendant Merck removed the action to this Court on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a California citizen, is fraudulently joined. In their motion to remand, Plaintiffs argue that joinder was proper. In its Opposition to the motion and in its separate Motion for Stay, Merck maintains that resolution of the question of the propriety of Plaintiffs' joinder of McKesson should be deferred pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and that all other

1   proceedings in this action should be stayed until such time.[1]  McKesson joins in

2   Merck's Opposition to the motion to remand and in the Motion to Stay in all

3   respects.

**STANDARD OF LAW**

5      "A trial court may, with propriety, find it is efficient for its own docket and the

6   fairest course for the parties to enter a stay of an action before it, pending resolution

7   of independent proceedings which bear upon the case." *Leyva v. Certified Grocers*

8   *of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North*

9   *American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power

10   to stay proceedings is incidental to the power inherent in every court to control the

11   disposition of the causes on its docket with economy of time and effort for itself, for

12   counsel, and for litigants.").

**DISCUSSION**

14      A stay of all proceedings until such time as the JPML renders its final

15   decision regarding transfer is in the interest of judicial economy.  A steady succession

16   of cases involving the drug Fosamax are being filed in this district and other districts

17   throughout the country and are awaiting transfer to the MDL proceedings.[2]  Given

18   the similarity of this litigation to other recent pharmaceutical products liability

19   litigation, the Court finds that there are likely to be many more cases (in this district

20   or otherwise) which present the precise question of the propriety of joinder of

---

22     [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict
Litigation, the JMPL issued a Conditional Transfer Order on December 27, 2006.  Plaintiffs were
23   required to file a Motion to Vacate that Order on or before January 25, 2007. *See* Request for
Judicial Notice in Support of Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand,
24   Exhibits 3-4.

25     [2] According to the JPML website, there are now 77 actions pending in MDL No. 1789, *In Re:*
26   *Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.
html (follow "Distribution of Pending MDL Dockets").

27

3

1  Defendant McKesson and/or other "distributor" defendants.[3] Consideration of

2  Plaintiffs' remand motion by this Court at this juncture would therefore run the risk

3  of inconsistent rulings between different judges in different districts and/or would

4  constitute an inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*,

5  2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant

6  Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this

7  district, judges in other California districts would nonetheless have to decide the

8  issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of

9  judicial resources, and the risk of inconsistent results.").

10                                **CONCLUSION**

11       Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

12  Proceedings (docket no. 14) is **GRANTED**.  Proceedings in this case are STAYED

13  until issuance of a final decision by the JPML regarding transfer or for sixty (60)

14  days, whichever is earlier.

15  / /

16  / /

17  / /

18  / /

19  / /

20

21       [3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as

22  Defendants were recently removed (by Merck) to the district courts for the Northern and Southern
    Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s

23  Reply Memorandum in Support of Motion to Stay Proceedings, Exhibit 3.  The Court takes judicial
    notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases and has

24  filed a similar motion to stay proceedings pending possible transfer to the MDL action in the
    Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens*

25  *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of

26  "proceedings in other courts, both within and without the federal judicial system, if those
    proceedings have a direct relation to matters at issue.").

27

                                     4

1       Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice

2 to the filing of a renewed motion if transfer is denied.

3

4 **IT IS SO ORDERED.**

5 Dated: February 1, 2006

6

7

8

_Florence-Marie Cooper_

FLORENCE-MARIE COOPER, JUDGE

9 UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

5

# EXHIBIT H

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S DISTRICT COURT

DEC - 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

ANNE E. CLAYTON,

            Plaintiff,

vs.

MERCK & CO., INC., a New Jersey
Corporation; McKESSON
CORPORATION, a Delaware
corporation; DOES 1-50

            Defendants.

CV 06-6398 FMC (PJWx)

ORDER GRANTING DEFENDANT'S
MOTION TO STAY AND DENYING
PLAINTIFF'S MOTION TO REMAND

DOCKETED ON CM
Ventered
DEC - 7 2006
BY ___ 085

    This matter is before the Court on Plaintiff's Motion to Remand to State Court (docket no. 10), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 12), filed on November 3, 2006 and November 8, 2006, respectively. The Court has considered the moving, opposition and reply documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's



1   Motion to Remand without prejudice to the filing of a renewed motion in the

2   event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

3   transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

4   *Prods. Liab. Litig.*

5   ### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

6   Plaintiff, Anne E. Clayton, took the prescription drug Fosamax, which is

7   manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and

8   distributed by Defendant McKesson Corporation ("McKesson"). Plaintiff filed

9   her Complaint in the Superior Court for the State of California, County of Los

10  Angeles, on September 28, 2006. Plaintiff alleges, *inter alia,* that Defendants

11  misrepresented (affirmatively and through a failure to warn) that Fosamax was a

12  safe and effective treatment for osteoporosis, Paget's Disease and other

13  conditions. Plaintiff further alleges that, as a proximate result of injesting

14  Fosamax, she has been permanently and severely injured.

15  On October 6, 2006, Defendant Merck removed the action to this Court on

16  the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson,

17  a California citizen, is fraudulently joined. In her motion to remand, Plaintiff

18  argues that joinder was proper. In its Opposition to the motion and in its

19  separate Motion for Stay, Merck maintains that resolution of the question of the

20  propriety of Plaintiff's joinder of McKesson should be deferred pending transfer

21  of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and

22  that all other proceedings in this action should be stayed until such time.[1]

23  McKesson joins in Merck's Opposition to the motion to remand and the Motion

24  _____

25  [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict
    Litigation, the JMPL issued a Conditional Transfer Order on November 2, 2006. Plaintiff's Motion

26  to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck &
    Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 1-2.

27  <div align="center">2</div>

to Stay in all respects.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[2] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other "distributor" defendants.[3] Consideration of Plaintiff's remand motion by this

---

[2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html (follow "Distribution of Pending MDL Dockets").

[3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 2-3. The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases

1  Court at this juncture would therefore run the risk of inconsistent rulings between
2  different judges in different districts and/or would constitute an inefficient use of
3  judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS
4  28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion
5  to relate all Zyprexa cases naming McKesson Corporation in this district, judges
6  in other California districts would nonetheless have to decide the issue, thus
7  resulting in unnecessarily duplicative litigation, an inefficient use of judicial
8  resources, and the risk of inconsistent results.").

9  <center>**CONCLUSION**</center>

10        Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay
11  Proceedings (docket no. 12) is GRANTED.  Proceedings in this case are
12  STAYED until issuance of a final decision by the JPML regarding transfer or for
13  sixty (60) days, whichever is earlier.

14        Plaintiff's Motion to Remand (docket no. 10) is DENIED without
15  prejudice to the filing of a renewed motion if transfer is denied.

16
17  IT IS SO ORDERED.
18  December __, 2006                    _Florence-Marie Cooper_
19                                       FLORENCE MARIE COOPER, JUDGE
20                                       UNITED STATES DISTRICT COURT
21
22
23
─────────────────────
24  and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in
25  the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria
    Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice
26  of "proceedings in other courts, both within and without the federal judicial system, if those
    proceedings have a direct relation to matters at issue.").
27
                                        4

# EXHIBIT I

FILED
CLERK, U.S. DISTRICT COURT

DEC - 6 2006

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDWARD A. MORRIS and RUTH P. )     CV 06-5587 FMC (PJWx)
MORRIS, husband and wife; HELEN )
F. TRACY, a single woman; JUDY C. )     ORDER GRANTING DEFENDANT'S
PENN and BUDDY W. PENN, wife )     MOTION TO STAY AND DENYING
and husband, )     PLAINTIFFS' MOTION TO REMAND

         Plaintiffs, )

vs. )

MERCK & CO., INC., a New Jersey )
Corporation; McKESSON )
CORPORATION, a Delaware )
corporation; DOES 1-50 )

         Defendants. )

DOCKETED ON CM

entered

DEC - 6 2006

BY           085

    This matter is before the Court on Plaintiffs' Motion to Remand to State

Court (docket no. 18), and Defendant Merck & Co., Inc.'s Motion to Stay

Proceedings (docket no. 23), filed on October 26, 2006 and November 6, 2006,

respectively. The Court has considered the moving, opposition and reply

documents submitted in connection with the motions. The Court deems this

matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78,

Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is

(#35)

1  removed from the Court's calendar.  For the reasons and in the manner set forth

2  below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs'

3  Motion to Remand without prejudice to the filing of a renewed motion in the

4  event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

5  transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

6  *Prods. Liab. Litig.*

7  ### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

8      Plaintiffs Edward A. Morris, Helen F. Tracy and Judy C. Penn took the

9  prescription drug Fosamax, which is manufactured and sold by Defendant Merck

10  & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation

11  ("McKesson").  Plaintiffs filed their Complaint in the Superior Court for the

12  State of California, County of Los Angeles, on August 16, 2006.  Plaintiffs

13  allege, *inter alia,* that Defendants misrepresented (affirmatively and through a

14  failure to warn) that Fosamax was a safe and effective treatment for osteoporosis,

15  Paget's Disease and other conditions.   Plaintiffs further allege that, as a

16  proximate result of injesting Fosamax, they have been permanently and severely

17  injured. Co-Plaintiffs Ruth P. Morris and Buddy W. Penn are bringing separate

18  claims for loss of consortium.

19      On September 6, 2006, Defendant Merck removed the action to this Court

20  on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant

21  McKesson, a California citizen, is fraudulently joined.  In their motion to

22  remand, Plaintiffs argue that joinder was proper.   In its Opposition to the motion

23  and in its separate Motion for Stay, Merck maintains that resolution of the

24  question of the propriety of Plaintiffs' joinder of McKesson should be deferred

25  pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*

26  *Liab. Litig,*, and that all other proceedings in this action should be stayed until

27

1  such time.[1] McKesson joins in Merck's Opposition to the motion to remand and

2  the Motion to Stay in all respects.

3                    **STANDARD OF LAW**

4       "A trial court may, with propriety, find it is efficient for its own docket and

5  the fairest course for the parties to enter a stay of an action before it, pending

6  resolution of independent proceedings which bear upon the case." *Leyva v.*

7  *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also*

8  *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163

9  (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

10  every court to control the disposition of the causes on its docket with economy of

11  time and effort for itself, for counsel, and for litigants.").

12                    **DISCUSSION**

13       A stay of all proceedings until such time as the JPML renders its final

14  decision regarding transfer is in the interest of judicial economy.   A steady

15  succession of cases involving the drug Fosamax are being filed in this district

16  and other districts throughout the country and are awaiting transfer to the MDL

17  proceedings.[2]  Given the similarity of this litigation to other recent

18  pharmaceutical products liability litigation, the Court finds that there are likely to

19  be many more cases (in this district or otherwise) which present the precise

20  question of the propriety of joinder of Defendant McKesson and/or other

21

22  _____

23  [1] Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict
    Litigation, the JMPL issued a Conditional Transfer Order on September 22, 2006.   Plaintiffs'

24  Motion to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of
    Merck & Co., Inc.'s Motion to Stay Proceedings, Exhibits 1-2.

25  [2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re:*

26  *Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.
    html (follow "Distribution of Pending MDL Dockets").

27

"distributor" defendants.[3]  Consideration of Plaintiffs' remand motion by this Court at this juncture would therefore run the risk of inconsistent rulings between different judges in different districts and/or would constitute an inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this district, judges in other California districts would nonetheless have to decide the issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of inconsistent results.").

## CONCLUSION

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 23) is GRANTED.  Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

Plaintiffs' Motion to Remand (docket no. 18) is DENIED without prejudice to the filing of a renewed motion if transfer is denied.

IT IS SO ORDERED.

December 6, 2006

*Florence Marie Cooper*

FLORENCE MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

---

[3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 1-2.  The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder those cases and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

4

# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JENNIE PURDY, ET AL.                                                    PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 2:06-cv-223-KS-MTP

MERCK & COMPANY, INC., ET AL.                                          DEFENDANTS

**ORDER**

Pending before the Court is Merck's Motion to Stay Pending Transfer to MDL No. 1789

[7]. Additionally, Plaintiff has filed a Motion to Remand [8] thereby requiring a stay under the

local rules.

IT IS, THEREFORE, ORDERED that this action is stayed pending a transfer decision

from the Judicial Panel on Multidistrict Litigation, remand to state court, or further order of this

court.

SO ORDERED, this the 1st day of November, 2006.


s/ Michael T. Parker
United States Magistrate Judge

# EXHIBIT K

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDNA GOYA, an individual,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>MERCK & CO., INC., a corporation;<br>MCKESSON CORPORATION, a<br>corporation; and DOES 1-100,<br>inclusive,<br><br>                                    Defendants. | CASE NO. 06-CV-2574 H (AJB)<br><br>**ORDER DENYING<br>MERCK & CO.'S MOTION<br>FOR A STAY WITHOUT<br>PREJUDICE AND<br>DEFERRING RULING ON<br>MOTION TO REMAND**<br>(Doc. Nos. 6 & 10) |

Defendant Merck & Co., Inc. ("Merck") removed this case from state court on November 21, 2006. (Doc. No. 1.) In her complaint, Plaintiff Edna Goya alleges that she suffered injuries caused by her use of Merck's product, Fosamax. (Id.) On December 14, 2006, Merck filed a motion to stay proceedings. (Doc. No. 6.) Plaintiff filed a response in opposition on December 29, 2006. (Doc. No. 9.) Merck filed a reply on January 3, 2007. (Doc. No. 12.) On January 3, 2007, Defendant McKesson Corporation filed a notice that it joins in Merck's request for a stay. (Doc. No. 14.) In its motion, Merck asks the Court to stay the proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPMDL") as to whether this action should be transferred to In re Fosamax Prods. Liab. Litig., MDL No. 1789, currently pending before Judge John Keenan in the Southern District of New York.

1    On December 29, 2006, Plaintiff filed a motion to remand.  (Doc. No. 10.)

2  Merck filed a response in opposition on January 26, 2007. (Doc. No. 18.) McKesson

3  filed a joinder in Merck's response on January 23, 2007. (Doc. No. 17.)

4    As indicated in a previous order, pursuant to its discretion under Civil Local Rule

5  7.1(d)(1), the Court submits the motions on the papers without oral argument.

6    On December 27, 2006, the JPMDL entered an order conditionally transferring

7  this case to the In re Fosamax proceedings.  (Jeffrey M. Tanzer Decl. Supp. Def.'s

8  Reply Supp. Mot. to Stay Proceedings, Ex. 1.) Plaintiff indicates that she will oppose

9  final transfer, however.  If Plaintiff files an opposition, according to Rule 7.4 of the

10  Rules of Procedure of the JPMDL, the conditional transfer order will be stayed until

11  further order of the JPMDL, and the JPMDL will set the matter for hearing. See Rules

12  of Procedure of the JPMDL, Rule 7.4(c)-(d).  Then, the JPMDL will determine whether

13  to issue a final transfer order.

14    Under the rules of procedure of the JPMDL, a pending conditional transfer order

15  does not affect pretrial proceedings in the district court and does not in any way limit

16  the pretrial jurisdiction of the district court. See Rule 1.5 of the Rules of Procedure for

17  the Judicial Panel on Multidistrict Litigation. Nevertheless, district courts have inherent

18  power to stay their own proceedings.  The power to stay a case is "incidental to the

19  power inherent in every court to control the disposition of the causes on its docket with

20  economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am.

21  Co., 299 U.S. 248, 254 (1936); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th

22  Cir. 1962).  Whether to grant a stay is left to the sound discretion of the trial court.

23  CMAX, Inc., 300 F.2d at 268.  Courts generally take into consideration judicial

24  economy and prejudice to the parties in determining whether to enter a stay. See, e.g.,

25  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); see also Landis,

26  299 U.S. at 254-55.

27    Given that this case was recently filed and the JPMDL has already entered a

28  conditional transfer order, the Court finds that a formal stay is not required to preserve

06cv2574

1  judicial resources and to avoid prejudice to Merck. Accordingly, the Court **DENIES**

2  Merck's motion for a stay without prejudice. The Court notes that at least 58 cases

3  have already been transferred to the coordinated proceedings before Judge Keenan, and

4  additional cases, such as this one, are currently awaiting transfer decisions by the

5  JPMDL. Therefore, although the Court declines to impose a formal stay, the Court does

6  not expect the parties to pursue the case or conduct any discovery while awaiting the

7  JPMDL's decision.

8        Additionally, Plaintiff has recently filed a motion to remand this action. As at

9  least one court has noted: "The general rule is for federal courts to defer ruling on

10  pending motions to remand in MDL litigation until after the JPMDL has transferred the

11  case to the MDL panel." Jackson v. Johnson & Johnson, Inc., No. 01-2113 DA, 2001

12  WL 34048067, at *6 (W.D. Tenn. April 3, 2001); see also In re Amino Acid Lysine

13  Antitrust Litig., 910 F. Supp. 696, 700 (J.P.M.L. 1995) ("[T]he pending motion to

14  remand . . . can be presented to and decided by the transferee judge."). Accordingly,

15  the Court will **DEFER** ruling on Plaintiff's motion to remand for 60 days, subject to

16  further deferral if the JPMDL has not entered a final ruling on transfer at that time. If

17  the JPMDL declines to enter a final transfer order, the motion to remand will be

18  pending before this Court. If, however, the JPMDL enters a final transfer order

19  consolidating this case for pretrial proceedings in the Southern District of New York,

20  the Court notes that the motion will be pending before the transferee court and no

21  longer before this Court.

22        IT IS SO ORDERED.

23  Dated:  February 1, 2007

24                                                MARILYN L. HUFF, District Judge
                                                 UNITED STATES DISTRICT COURT

25

26

27

28

- 3 -                                                       06cv2574

1   Copies To:

2   Magistrate Judge Battaglia

3   Hector G. Gancedo
    Tina B. Neives
4   Amy M. Boomhouwer
    Gancedo & Nieves, LLP
5   144 W. Colorado Blvd.
    Pasadena, CA 91105
6
    Douglas Emhoff
7   Jeffrey Tanzer
    Venable LLP
8   2049 Century Park East, Suite 2100
    Los Angeles, CA 90067
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2574