# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA METCALF and | : | |
| ROSS METCALF | : | No.: 07-CV-03119-MLC-TJB |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MERCK & CO., INC. | : | |
|     Defendant. | : | |

## PLAINTIFFS' MOTION TO REMAND

In support of their Motion to Remand, Plaintiffs aver as follows:

1. On Friday, June 29, 2007, Plaintiffs, Linda Metcalf and Ross Metcalf, instituted a civil action in the Superior Court of New Jersey, Middlesex County, Law Division, against Merck & Co., Inc. (hereinafter "Merck"). The Middlesex County Superior Court assigned Docket Number L-5836-07 to the instant matter.

2. Plaintiffs' Complaint alleged causes of action against Defendant for personal injuries sustained by Linda Metcalf after she ingested Fosamax, a prescription medication manufactured, marketed, distributed and sold by Merck. *See* copy of Plaintiff's Complaint attached to the Memorandum of Law as Exhibit "A".

3. Before Plaintiffs could serve Merck with a copy of Ms. Metcalf's Complaint, Merck filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and

1446 on or about Tuesday, July 3, 2007.  *See* Notice of Removal Petition attached to the Memorandum of Law as Exhibit "B".

4. It is clear that Merck is monitoring the civil docket in order to ambush the Plaintiffs with a Notice of Removal before service can be accomplished. Merck filed the Notice of Removal two business days after Plaintiffs filed their suit essentially eliminating Plaintiffs' choice of forum.  As a matter of fact, the Notice of Removal was filed before the Court returned a time-stamped copy of the Complaint to Plaintiffs' counsel.

5. In its removal papers, Merck confirms that, for purposes of determining jurisdiction pursuant to 28 U.S.C. §1332(c)(1), it is a citizen of the State of New Jersey.  *See* Exhibit "B", ¶ 15.

6. Despite the fact that Defendant acknowledges that it is a citizen of New Jersey, the forum state, Merck contends that this Court has original subject matter jurisdiction because "complete diversity of citizenship exists between "plaintiff and all properly joined parties." *See* Exhibit "B", ¶6.

7. The law on this issue is clear:  28 U.S.C. §1441(b) provides that a diversity case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  This rule is often called the  "Forum Defendant" rule.  Because Merck is a citizen of the forum state, as it plainly admits, removal is not permissible.

8. In light of this clear black-letter law, Plaintiffs can only assume that because Defendant was not yet served with a copy of the Complaint, it will make the previously tried, but rejected, argument that it has not been "joined and served" as required by Section 1441(b) and, therefore, is free to seek removal. This analysis is fatally flawed.

9. There is conflicting case law that has addressed the present issue before this court – whether a forum defendant can remove a case before any defendant has been served with the Complaint. Two Courts found that removal was improper and ordered remand. *See Holmstrom v. Harad*, No. 05 C 2714, 2005 U.S. Dist. LEXIS 16694 (N.D. Ill. Aug. 11, 2005) and *Recognition Comm., Inc. v. American Auto. Ass'n, Inc.*, No. 3:97-CV-0945-P, 1998 U.S. Dist. LEXIS 3010 (N.D. Tex. Mar. 5, 1998); *see also Frick v. Novartis Pharms. Corp.*, Civ. No. 05-5429 (DRD), 2006 U.S. Dist. LEXIS 9178 (D.N.J. Feb. 22, 2006) and *Thomson v. Novartis Pharms. Corp.*, No. 06-6280, 2007 U.S. Dist. LEXIS 37990 (D.N.J. May 22, 2007).

10. An exception to the diversity of citizenship standard is the "Forum Defendant" rule. Congress promulgated this rule because it recognized that a Defendant in its resident state will not be "hometowned" by the court process. Granting Merck's removal petition will undermine the spirit of the law as well as the weight given to Plaintiffs' forum choice.

11. Plaintiffs rely upon the attached Memorandum of Law in support of their Motion to Remand.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion to Remand and return this matter to the Superior Court of New Jersey, Middlesex County.

                      Respectfully submitted,

                      _____

                      **Anapol, Schwartz, Weiss, Cohan,**
                       **Feldman & Smalley, P.C.**
                      DAVID JACOBY, ESQUIRE
                      TRACY A. FINKEN, ESQUIRE
                      GREGORY S. SPIZER, ESQUIRE
                      1040 Kings Highway North, Suite 304
                      Cherry Hill, NJ 08034
                      (856) 482-1600 (PH)
                      (856) 482-1911 (FX)
                      Attorneys for Plaintiffs

Dated: August 2, 2007