

# Hughes Hubbard
A New York Limited Liability Partnership

Hughes Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3910
Telephone: 201-536-9220
Fax: 201-536-0799
hugheshubbard.com

Robert W. Brundige, Jr.
Wilfred P. Coronato
*Resident Partners*

August 21, 2007

**VIA ECF AND FEDERAL EXPRESS**

Hon. Mary L. Cooper
United States District Court
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State Street
Room 5000
Trenton, New Jersey 08608

Hon. Tonianne J. Bongiovanni
United States District Court
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State Street
Room 6052
Trenton, New Jersey 08608

Re: *Metcalf et al. v. Merck & Co., Inc.* - Case No. 07-cv-03119

Dear Judges Cooper and Bongiovanni:

In further support of defendant Merck & Co., Inc.'s ("Merck") pending Motion to Stay Proceedings Pending Transfer to MDL No. 1789 in the above-captioned case, enclosed for Your Honors' consideration are orders entered by Magistrate Judge John J. Hughes on August 6, 2007 in *Mahuron v. Merck & Co., Inc.* – Case No. 07-cv-3118-MLC and *Sambrano v. Merck & Co. Inc.* – Case No. 07-cv-3116-FLW. Merck respectfully submits that Judge Hughes's orders in these cases pertain to the same issues pending before Your Honors in the above-captioned case.

This letter and the enclosures herein have been filed electronically on this date and have been served on plaintiffs' counsel.

Respectfully submitted,

Bart A. Whitley

Enclosures

cc: Gregory S. Spizer, Esq. (Counsel for plaintiffs) (via ECF and Federal Express)
David J. Heubeck, Esq.

Case 3:07-cv-03129-MLC-TJB Document 1-58 Filed 08/28/2007 Page 2 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAMMA MAHURON, | : | Civil Action No. 07-3118(MLC) |
| Plaintiff, | : | |
| v. | : | O R D E R |
| MERCK & CO., INC., | : | |
| Defendant. | : | |

      This matter having come before the Court upon Motion by Defendant Merck & Co., Inc. ("Defendant") to Stay Proceedings Pending Transfer to MDL No. 1789 [Docket Entry # 4], returnable August 6, 2007; and Plaintiff Tamma Mahuron ("Plaintiff") filing a Motion to Remand [Docket Entry # 6], returnable September 4, 2007; and Defendant stating that "[o]n August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1789" (Def.'s Mem. at 1); and Defendant further stating that "[t]he transfer order directed that 18 actions be transferred for coordinated pretrial proceedings in the U.S. District Court for the Southern District of New York before the Honorable John F. Keenan." Id. at 1-2; and Defendant further stating that "[t]wo Fosamax cases removed by Merck to this Court have already been transferred to the Fosamax MDL Proceedings." Id. at 2; and Defendant arguing that there is no "reasonable dispute that this action involves the same factual inquiries that the Panel noted were present in the Fosamax product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Southern District of New York." Id. at 3-4; and Defendant stating that it "expects this case to be listed on a conditional transfer order either this week or next, and expects that this case will be transferred to the Fosamax MDL proceedings." Id. at 4; and Defendant further stating that "[t]here is no significant issue in this case that is not already before the transferee court in the Fosamax MDL proceedings." Id. at 5; and Plaintiff stating in her Motion to Remand that "Merck

filed the Notice of Removal two business days after Plaintiff filed her suit essentially eliminating Plaintiff's choice of forum" (Pl.'s Mot. at ¶ 4); and Plaintiff further stating that "[b]ecause Merck is a citizen of the forum state, as it plainly admits, removal is not permissible." Id. at ¶ 7; and the Court finding that a stay in the present action pending its transfer to MDL-1789 will conserve the resources of the Court and prevent duplicative discovery and pretrial management efforts; and the Court further finding that because a stay is appropriate, Plaintiff's Motion to Remand will be denied without prejudice; and the Court having considered the parties' written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown;

IT IS on this 6th day of August, 2007,

ORDERED that Defendant's Motion to Stay Proceedings Pending Transfer to MDL No. 1789 [Docket Entry # 4] is Granted. This action is stayed pending a transfer decision from the Judicial Panel on Multidistrict Litigation; and it is

FURTHER ORDERED that Plaintiff's Motion to Remand [Docket Entry # 6] is Denied without prejudice; and it is

FURTHER ORDERED that Defendant will advise the Court by letter on the first day of each month beginning in September as to the status of the case.

/s/ *John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARILYN SAMBRANO, : Civil Action No. 07-3116(FLW)
:
    Plaintiff, :
:
v. : O R D E R
:
MERCK & CO., INC., :
:
    Defendant. :
_____ :

    This matter having come before the Court upon Motion by Defendant Merck & Co., Inc. ("Defendant") to Stay Proceedings Pending Transfer to MDL No. 1789 [Docket Entry # 4], returnable August 6, 2007; and Plaintiff Marilyn Sambrano ("Plaintiff") filing a Motion to Remand [Docket Entry # 6], returnable September 4, 2007; and Defendant stating that "[o]n August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1789" (Def.'s Mem. at 1); and Defendant further stating that "[t]he transfer order directed that 18 actions be transferred for coordinated pretrial proceedings in the U.S. District Court for the Southern District of New York before the Honorable John F. Keenan." Id. at 1-2; and Defendant further stating that "[t]wo Fosamax cases removed by Merck to this Court have already been transferred to the Fosamax MDL Proceedings." Id. at 2; and Defendant arguing that there is no "reasonable dispute that this action involves the same factual inquiries that the Panel noted were present in the Fosamax product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Southern District of New York." Id. at 3-4; and Defendant stating that it "expects this case to be listed on a conditional transfer order either this week or next, and expects that this case will be transferred to the Fosamax MDL proceedings." Id. at 4; and Defendant further stating that "[t]here is no significant issue in this case that is not already before the transferee court in the Fosamax MDL proceedings." Id. at 5; and Plaintiff stating in her Motion to Remand that "Merck

Case 3:07-cv-03129-MLC-TJB   Document 15   Filed 08/28/2007   Page 5 of 5

filed the Notice of Removal two business days after Plaintiff filed her suit essentially eliminating Plaintiff's choice of forum" (Pl.'s Mot. at ¶ 4); and Plaintiff further stating that "[b]ecause Merck is a citizen of the forum state, as it plainly admits, removal is not permissible." Id. at ¶ 7; and the Court finding that a stay in the present action pending its transfer to MDL-1789 will conserve the resources of the Court and prevent duplicative discovery and pretrial management efforts; and the Court further finding that because a stay is appropriate, Plaintiff's Motion to Remand will be denied without prejudice; and the Court having considered the parties' written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown;

IT IS on this 6th day of August, 2007,

ORDERED that Defendant's Motion to Stay Proceedings Pending Transfer to MDL No. 1789 [Docket Entry # 4] is Granted. This action is stayed pending a transfer decision from the Judicial Panel on Multidistrict Litigation; and it is

FURTHER ORDERED that Plaintiff's Motion to Remand [Docket Entry # 6] is Denied without prejudice; and it is

FURTHER ORDERED that Defendant will advise the Court by letter on the first day of each month beginning in September as to the status of the case.

/s/ John J. Hughes
JOHN J. HUGHES
UNITED STATES MAGISTRATE JUDGE